Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| PRERAC, INC. d/b/a ENTERPRISE RENT-A-CAR<br><br>Recurrido<br><br><br>v.<br><br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS; DEPARTAMENTO DE SEGURIDAD PÚBLICA<br>Peticionarios | KLCE202301482 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2023CV05771<br><br>Sobre: Sentencia declaratoria; *Injunction* Preliminar y Permanente; Nulidad de Gravámenes por infracciones de movimiento; restitución de lo cobrado indebidamente |

Panel integrado por su presidente, la Juez Bermúdez Torres, el Juez Adames Soto y la Jueza Aldebol Mora

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2024.

El Gobierno de Puerto Rico, en representación del Departamento de Transportación y Obras Públicas, por conducto de la Oficina del Procurador General de Puerto Rico, (el peticionario), acude ante nosotros a través de recurso de *certiorari,* solicitando la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Centro Judicial de San Juan, (TPI), de 19 de octubre de 2023. Mediante dicho dictamen interlocutorio, el foro primario denegó una *Moción de desestimación* presentada por el peticionario al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

NÚMERO IDENTIFICADOR

SEN2024_____

Según se sabe, el auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal intermedio la corrección de un error cometido por el tribunal inferior. *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 en específico, habilita a este foro intermedio a intervenir con una resolución interlocutoria del tribunal *a quo*, cuando se trate de la denegatoria de una moción dispositiva. Sin embargo, la expedición de este auto sigue descansando en la sana discreción del tribunal y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra en la pág. 711; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Esto pues, a diferencia de la apelación de una sentencia final, el auto de *certiorari* es un recurso procesal de carácter discrecional. *Rivera Figueroa v. Joes European Shop,* 183 DPR 580, 596 (2011).

A lo dicho se debe acompañar que este Tribunal de Apelaciones no intervendrá con las determinaciones interlocutorias discrecionales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello,* 155 DPR 62, 78-79 (2001).

Esto último es el caso ante nuestra consideración. En este sentido, aunque estamos ante la denegatoria de una moción dispositiva, (moción de desestimación bajo la Regla 10.2 citada), que podría permitirnos ejercer nuestra discreción para expedir el auto solicitado, lo cierto es que, escudriñados los escritos de las partes y el expediente ante nuestra

consideración, no atisbamos en la *Resolución* recurrida ni siquiera un resquicio de las condiciones que nos colocarían en posición de intervenir con dicho dictamen interlocutorio. Más bien, examinada la estipulación alcanzada por las partes ante el TPI, que precede la denegatoria de la moción de desestimación presentada por la parte peticionaria, junto a las alegaciones contenidas en la causa de acción que dieron inicio al pleito y sus enmiendas, la única vía razonable es abstenernos de intervenir con el curso decisorio trazado por el TPI.

En consecuencia, denegamos expedir el recurso de *certiorari* presentado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones